### Miguel Andres LOPEZ–JUAN, Petitioner,

v.

### John ASHCROFT, Attorney General, Respondent.

No. 03–70872.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2004.

Decided May 6, 2004.

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Amy L. Pierce, Thomas N. Makris, Pillsbury Winthrop LLP, Sacramento, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Barry J. Pettinato, Esq., Jennifer Keeney, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Miguel Andres Lopez–Juan, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's denial of asylum and withholding of removal. The BIA's determination that Lopez is ineligible for asylum "can be reversed only if the evidence presented by [Lopez–Juan] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citation omitted).

As the BIA concluded, the record reflects that Lopez–Juan was never arrested, detained, or otherwise physically harmed. *See Singh v. INS,* 134 F.3d 962, 969 (9th Cir.1998) (recognizing a lack of persecution

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

where there is no significant physical violence or specific threats of serious harm). Lopez–Juan has not shown "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003) (citations omitted). Since Lopez–Juan has failed to establish eligibility for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Additionally, Lopez–Juan's due process claim fails because the IJ exercised the discretion set forth in the governing rule when he allowed the untimely submission of evidence by the government. *See* San. Fran. Local Op. Proc. Rule 3.

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.